Exhibit A

FILED DATE: 3/8/2022 12:00 AM 2022L002215

FILED
3/8/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

16976774

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

ISRAEL QUINONES, )
)
Plaintiff, )
)
vs. ) No. 2022L002215
)
) Server Defendant:
HOME DEPOT U.S.A., INC. a Foreign ) **Home Depot U.S.A.**
Corporation. ) **R/A: Illinois Corporation Service**
) **801 Adlai Stevenson Drive**
Defendants ) **Springfield, IL 32703**

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer or special process server:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, ____________________, 20___.
3/8/2022 12:00 AM IRIS Y. MARTINEZ
______________________________
Clerk of court of Cook County
Date of service: ____________, 20____.
(To be inserted by officer on copy left with defendant or other person)

Attorney No. 65779
Robert J. Adelman, Esq.
**LEVIN, RIBACK & ADELMAN, P.C.**
10 N. Dearborn St., 11th Floor / Chicago, IL 60602
Phone: (312) 782-6717/ Fax: (312) 782-5128

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

FILED DATE: 3/8/2022 12:00 AM 2022L002215

FILED
3/8/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
16976774

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

ISRAEL QUINONES, )
Plaintiff, )
vs. ) No. 2022L002215
) Hearing Date: 5/11/2022 9:30 AM
HOME DEPOT U.S.A., INC. a Foreign Corporation. )
Defendants )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ISRAEL QUINONES, by and through his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complains of the Defendant, HOME DEPOT U.S.A., INC. a Foreign Corporation and alleges as follows:

1. On July 16, 2020, the Plaintiff, ISRAEL QUINONES, was a customer/ business invitee at a retail establishment owned by the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, commonly known as "The Home Depot", located at 2101 W. 75th St., in the city of Darien, county of Cook, state of Illinois.

2. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owned, operated, maintained, and controlled said premises, aisleways, shelves, and all items for sale at "The Home Depot", located at 2101 W. 75th St., in the city of Darien, county of Cook, state of Illinois.

FILED DATE: 3/8/2022 12:00 AM 2022L002215

3. On July 16, 2020, and between the normal hours of operation, the Plaintiff, ISRAEL QUINONES, was lawfully on the subject premises and at all times mentioned herein, was in the exercise of all due care and caution for his own safety.

4. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owed a duty to Plaintiff and others on the premises, to use ordinary care in the ownership, operation, maintenance, and control of the premises.

5. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owed a duty to Plaintiff to provide a safe place to shop while he was a customer/business invitee lawfully on the premises.

6. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, sold Cedar Boards and owed a duty to Plaintiff and others on the premises, to use ordinary care in the ownership, operation, maintenance, and control of the Cedar Boards being sold to customers/ business invitees.

7. On July 16, 2020, Plaintiff was a customer at the Home Depot and was in the exercise of due care and caution for his own his safety when he was caused to suffer injury to his person with great force and violence because of an unsafe condition with the Cedar Boards that were for sale by the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, thereby suffering severe personal injuries.

8. Disregarding its duty to exercise ordinary care, the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, by and through its agents, servants, and employees were guilty of one or more of the following careless and negligent acts or

omissions of duty that proximately caused the injuries and damages to Plaintiff mentioned hereinafter:

a. Carelessly and negligently failed to provide a safe and proper aisleways for its customers/business invitees;

b. Failed to properly maintain the Cedar Boards;

c. Failed to properly store the Cedar Boards;

d. Failed to properly secure the Cedar Boards;

e. Failed to prevent the Cedar Boards from falling;

f. Failed to warn Plaintiff that the Cedar Boards were not properly maintained, stored, secured and therefore would not be a danger to falling onto the head and person of the Plaintiff;

g. Failed to set up adequate warning signs to alert persons present in the Home Depot to the presence of the aforementioned hazardous condition, which would have alerted Plaintiff and others lawfully on the premises, of the presence of the hazardous condition.

9. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, the Plaintiff sustained substantial and severe personal and pecuniary injuries.

10. As a result of said injuries, Plaintiff has been obligated to expend large sums of money for necessary medical care and attention required of his injuries.

WHEREFORE, the Plaintiff, ISRAEL QUINONES, demands judgment against the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, in a sum greater than Fifty Thousand Dollars ($50,000.00) plus costs, and for such relief as the Court deems appropriate.

FILED DATE: 3/8/2022 12:00 AM 2022L002215

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By: */s/ Robert J. Adelman, Esq.*
Attorney for Plaintiff
ISRAEL QUINONES

Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 N. Dearborn St.; 11th Floor
Chicago, Illinois 60602
(312) 782-6717
radelman@lralegal.com

FILED DATE: 3/8/2022 12:00 AM 2022L002215

## SUPREME COURT RULE 222 AFFIDAVIT

Robert J. Adelman, Esq., attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing this Complaint, the total of money damages sought exceeds the jurisdictional limits.

*/s/ Robert J. Adelman, Esq.*
Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 N. Dearborn St.; 11th Floor
Chicago, Illinois 60602
(312) 782-6717
radelman@lralegal.com

Dated: March 7, 2022

FILED DATE: 3/8/2022 12:00 AM 2022L002215

FILED
3/8/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

16976774

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

ISRAEL QUINONES, )
)
Plaintiff, )
)
vs. ) No. 2022L002215
)
) Server Defendant:
HOME DEPOT U.S.A., INC. a Foreign ) **Home Depot U.S.A.**
Corporation. ) **R/A: Illinois Corporation Service**
) **801 Adlai Stevenson Drive**
Defendants ) **Springfield, IL 32703**

**SUMMONS**

To each defendant:

YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer or special process server:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, ______________________, 20___.
3/8/2022 12:00 AM IRIS Y. MARTINEZ

Clerk of court of Cook County
Date of service: ______________, 20____.
(To be inserted by officer on copy left
with defendant or other person)

Attorney No. 65779
Robert J. Adelman, Esq.
**LEVIN, RIBACK & ADELMAN, P.C.**
10 N. Dearborn St., 11th Floor / Chicago, IL 60602
Phone: (312) 782-6717/ Fax: (312) 782-5128

**CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

FILED DATE: 3/8/2022 12:00 AM 2022L002215

FILED
3/8/2022 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
16976774

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

ISRAEL QUINONES,

Plaintiff,

vs.

HOME DEPOT U.S.A., INC. a Foreign Corporation.

Defendants

No. 2022L002215

Hearing Date: 5/11/2022 9:30 AM

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, ISRAEL QUINONES, by and through his attorneys, LEVIN, RIBACK & ADELMAN, P.C., and complains of the Defendant, HOME DEPOT U.S.A., INC. a Foreign Corporation and alleges as follows:

1. On July 16, 2020, the Plaintiff, ISRAEL QUINONES, was a customer/ business invitee at a retail establishment owned by the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, commonly known as "The Home Depot", located at 2101 W. 75th St., in the city of Darien, county of Cook, state of Illinois.

2. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owned, operated, maintained, and controlled said premises, aisleways, shelves, and all items for sale at "The Home Depot", located at 2101 W. 75th St., in the city of Darien, county of Cook, state of Illinois.

FILED DATE: 3/8/2022 12:00 AM 2022L002215

3. On July 16, 2020, and between the normal hours of operation, the Plaintiff, ISRAEL QUINONES, was lawfully on the subject premises and at all times mentioned herein, was in the exercise of all due care and caution for his own safety.

4. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owed a duty to Plaintiff and others on the premises, to use ordinary care in the ownership, operation, maintenance, and control of the premises.

5. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, owed a duty to Plaintiff to provide a safe place to shop while he was a customer/business invitee lawfully on the premises.

6. On July 16, 2020, the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, sold Cedar Boards and owed a duty to Plaintiff and others on the premises, to use ordinary care in the ownership, operation, maintenance, and control of the Cedar Boards being sold to customers/ business invitees.

7. On July 16, 2020, Plaintiff was a customer at the Home Depot and was in the exercise of due care and caution for his own his safety when he was caused to suffer injury to his person with great force and violence because of an unsafe condition with the Cedar Boards that were for sale by the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, thereby suffering severe personal injuries.

8. Disregarding its duty to exercise ordinary care, the Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, by and through its agents, servants, and employees were guilty of one or more of the following careless and negligent acts or

FILED DATE: 3/8/2022 12:00 AM 2022L002215

omissions of duty that proximately caused the injuries and damages to Plaintiff mentioned hereinafter:

a. Carelessly and negligently failed to provide a safe and proper aisleways for its customers/business invitees;

b. Failed to properly maintain the Cedar Boards;

c. Failed to properly store the Cedar Boards;

d. Failed to properly secure the Cedar Boards;

e. Failed to prevent the Cedar Boards from falling;

f. Failed to warn Plaintiff that the Cedar Boards were not properly maintained, stored, secured and therefore would not be a danger to falling onto the head and person of the Plaintiff;

g. Failed to set up adequate warning signs to alert persons present in the Home Depot to the presence of the aforementioned hazardous condition, which would have alerted Plaintiff and others lawfully on the premises, of the presence of the hazardous condition.

9. As a direct and proximate result of one or more of the aforementioned acts or omissions of Defendant HOME DEPOT U.S.A., Inc. a Foreign Corporation, the Plaintiff sustained substantial and severe personal and pecuniary injuries.

10. As a result of said injuries, Plaintiff has been obligated to expend large sums of money for necessary medical care and attention required of his injuries.

WHEREFORE, the Plaintiff, ISRAEL QUINONES, demands judgment against the Defendant, HOME DEPOT U.S.A., Inc. a Foreign Corporation, in a sum greater than Fifty Thousand Dollars ($50,000.00) plus costs, and for such relief as the Court deems appropriate.

FILED DATE: 3/8/2022 12:00 AM 2022L002215

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By: /s/ Robert J. Adelman, Esq.
Attorney for Plaintiff
ISRAEL QUINONES

Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 N. Dearborn St.; 11th Floor
Chicago, Illinois 60602
(312) 782-6717
radelman@lralegal.com

FILED DATE: 3/8/2022 12:00 AM 2022L002215

## SUPREME COURT RULE 222 AFFIDAVIT

Robert J. Adelman, Esq., attorney for Plaintiff, duly sworn under oath, states as follows:

Based upon information and belief as of the date of the signing this Complaint, the total of money damages sought exceeds the jurisdictional limits.

*/s/ Robert J. Adelman, Esq.*
Atty I.D. No. 65779
LEVIN, RIBACK & ADELMAN, P.C.
10 N. Dearborn St.; 11th Floor
Chicago, Illinois 60602
(312) 782-6717
radelman@lralegal.com

Dated: March 7, 2022